RECEIVED

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

APR 15 2008 *aew*
*APR 15 2008*
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

United States of America ex rel.                    )

Anthony Willis,N-51386                              )
(Full name and prison number)                       )
(Include name under which convicted)                )
                                                    )
PETITIONER                                          )
                                                    )
          vs.                                       )
                                                    )
Austin S. Randolph Jr. Warden                       )
(Warden, Superintendent, or authorized              )
person having custody of petitioner)                )
                                                    )
RESPONDENT, and                                     )
                                                    )
**(Fill in the following blank only if judgment**   )
**attacked imposes a sentence to commence**         )
**in the future)**                                  )
                                                    )
ATTORNEY GENERAL OF THE STATE OF                     )
                                                    )
Lisa Madigan                                        )
(State where judgment entered)                       )

**08CV2144
JUDGE MANNING
MAG.JUDGE SCHENKIER**

CASE NO. _ _ _ _ _ _ _
(Supplied by Clerk of this Court)

Case Number of State Court Conviction:

96-CR-8494-02.

**PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY**

1.  Name and location of court where conviction entered: Circuit Court Criminal Division

2650 S.Califfornia,Ave. Chicago Illinois 60608.

2.  Date of judgment of conviction: Jan 7,1998

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

Possession with intent to deliver ILCS 720/401(a)(2)(A)

4.  Sentence(s) imposed: _____ 30yrs _____

5.  What was your plea? (Check one)      (A)  Not guilty       (X )
                                         (B)  Guilty           (  )
                                         (C)  Nolo contendere  (  )

     If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1.  Kind of trial: (Check one):      Jury (X )          Judge only (  )

2.  Did you testify at trial?        YES (X )          NO      (  )

3.  Did you appeal from the conviction or the sentence imposed? YES ( X )  NO (  )

   (A)  If you appealed, give the

      (1)  Name of court:  Appellate Court of Illinois First Judicial District

      (2)  Result:            Denied

      (3)  Date of ruling:        June 23,2000 Fifth Division

      (4)  Issues raised:    Denied several issues

   (B)  If you did not appeal, explain briefly why not:


4.  Did you appeal, or seek leave to appeal, to the highest state court?  YES (X )      NO (  )

   (A)  If yes, give the

      (1)  Result:              Denied

      (2)  Date of ruling:   Nov 29,2000

      (3)  Issues raised:        Same several issues raised

   (B)  If no, why not:

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (  )  No (  )

   If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

Revised: 7/20/05

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)  NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: Criminal Division 2650 S.California,Ave. Chgo Il.60608.

   B. Date of filing: Dec 4,2000

   C. Issues raised: Ineffective assisstance of counsel at the Appellate level

   D. Did you receive an evidentiary hearing on your petition?    YES ( )  NO (X)

   E. What was the court's ruling? Denied Jan 26,2001

   F. Date of court's ruling: Jan 26,2001

   G. Did you appeal from the ruling on your petition?    YES (X)  NO ( )

   H. (a)  If yes, (1) what was the result? Denied

              (2) date of decision: Feb 26,2002

      (b)  If no, explain briefly why not: _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (X)  NO ( )

      (a)  If yes, (1) what was the result? Denied

              (2) date of decision: I don't recall

      (b)  If no, explain briefly why not: _____

Revised: 7/20/05

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?     YES ( )          NO (X)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.    Nature of proceeding       _____

        2.    Date petition filed         _____

        3.    Ruling on the petition      _____

        4.    Date of ruling           _____

        5.    If you appealed, what was
             the ruling on appeal?       _____

        6.    Date of ruling on appeal    _____

        7.    If there was a further appeal,
             what was the ruling ?       _____

        8.    Date of ruling on appeal    _____

3.  With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?     YES (X)   NO ( )

    A. If yes, give name of court, case title and case number:   Northern District of Illinois

Habeas Corpus, No: 01-C-8745

    B. Did the court rule on your petition?  If so, state

      (1) Ruling:         Denied

      (2)  Date:       May 29, 2003

4.  With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?     YES ( )          NO (X)

    If yes, explain: _____

4

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1.   State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one _____ Anthony Willis _____
     Supporting facts (tell your story briefly without citing cases or law):

This petitioner's has an pure question of law,does the holding in People

v. Whitfield,217 Ill.2d 177,298 Ill.Dec.545,840 N.E.2d 658(Ill.2005) denies

those offenders who takes an "Bench or Jury Trial" their Substantive Due-

Process Rights when the sentencing court did not impose an term of MSR to

their sentence of imprisonment,or when their sentence of imprisonment plus

there MSR exceeds there statutory maximum sentence,the offenders who enter

Plea Argreements sentences are found to be Unconstitutional where as the

offenders who takes an Bench or Jury Trial sentences are found to be Con-

stitutionally sound when both offenders are in the same Class as far as their

sentences is impose by the court.This petitioner now comes before this

Honorable Court and raise challenge to the Constitutionality of said,Statute

(B)  Ground two _____ Anthony Willis _____
     Supporting facts:

The Hon.Evelyn B.Clay,abuse her discretion and denied the petitioner his

Substantive Due-Process Rights knowing that the petitioner receive the

statutory maximum sentence of (30yrs) for violating Section 570/401 (a)(2)(A)

which is not less than (6yrs) and not more than (30yrs) in her ruling she

stated,the period of incarceration on a sentence is "Distinct" from the per-

iod of parole. There is Two separate features of a sentence. The sentence it-

self,and than there is the parole period that follows an given "Amount of

time" that one is incarcerated. see Court Proceeding May 4,2006,attached to

habeas corpus petition pages 4 thur 12) as Ex-B)

Revised: 7/20/05

see additional pages 6-1 and 6-2 for brief argument in support of.

(A) Ground one

under the "Equal Protection Requirement" there must exist a reasonable basis for distinquishing the class to which the law appliies,from the class to which the law is inapplicable. see sentence hearing transcript Feb 18,1998 attached to habeas corpus petition pages 12 thru 17th) as Ex-A)

BRIEF ARGUMENT

This petitioner's Constitutional Rights were violated because petitioner is faced with the possibility of serving more time in prison and on Mandatory supervised Release MSR term than what is required of by Illinois law due to the Misinterpretation of the statutes and the day for day law by the Illinois trial court which results in a void judgment in violation of petitioner's 4th 5th 6th and 14th Amendment Rights secured to him under the United stateds Constitution and in violation of Article 1 section 2,8,10,12,and 24 of the Illinois State Constitution of 1970.

The petitioner's contends that issue (B) of his petition is center around an "Misinterpretation" of the Statutes,by the trial judge even thougth the trial judge did not impose an term of MSR to the petitioner maximum sent- ence of (30yrs) the (3yr term of MSR)  plus his Statutory Maximum sentence of (30yrs) will become an total of (33yrs) by operation of law.

By opreation of law his (30yr sentence) plus the (3yr term of MSR) to- gether equal (33yrs) exceeding the Statutory Maximum of (30yrs) resulting in the petitioner serving (15yrs) of physical imprisonment and a (3yr flat term) of MSR imprisonment in custody of parole authorities for an total of (18yrs) off of an Statutory Maximum sentence of 30yrs which is require by Illinois day for day law to serve (15yrs period) off of an Statutory Maximum sentence of (30yrs) thus making this petitioner sentence Unconstitutional and is in fact "Void Ad-intio"

Before an Appellate court can correct an error not raised at trial,there must be (1) error (2) this is plain, and (3) that affects substantial rights, if all three conditions are met,an appellate court may than exercise its dis- cretion to notice a "Forfeited Error" but only if (4) the error seriuosly af- fects the fairness,integrity,or public reputation of judicial proceedings,as for the fourth prong,an error that causes a "Miscarriage of Justice" seriously affects the fairness,integrity and public reputation of judicial proceedings if the petitioner's has been prejudiced by an "Illegal Sentence" than allow- ing that illegal sentence to stand,would constitute a "Miscarrige of Justice."

6-1

As the issue at hand stands because of the "Misinterpretation and en-forcement of both Statutes by Trial Court, both statutes are consider "Implied Repeal" Black Law Dictionary defines Implied to mean." A Law which contains provision so contrary to or irreconcilable with those of earlier law that only one of the two statutes can sand enforce.

Moreover, parole and MSR attaches by operation of law to sentence imposed upon a guilty plea or determinate sentence. Therefore, since it is the MSR that must prevail and stand enfored in addition to working in harmony with day for day law, then it is far more evident that the Legislature's intent is that a lesser period of physical incarceration is mandatory since MSR cannot be des-igned, nor it operate an additional sentence and multiple punishment which due-process prohibits.

In the instant case, if petitioner's serves (15yrs) of physical imprison-ment successfully, then this tantamount of serving a maximum sentence. Once petitioner serves a maximum sentence, MSR cannot be attached because it creates an additional time of punishment: in custody of parole authorities, which are multiple punishments.

The petitioner's contends that he will serve imprisonment of (18yrs) which is reflective of a (36yr determinate sentence at day for day) which the petitioner only received (30yrs at day for day and required to serve only 15yrs period). The petitioner's has make a "Prima Facie" showing that his sentence of (30yrs plus his flat 3yr term of MSR total 33yrs) is unconstitut-ional now the "Burden" must shaft to the State.

The petitioner's contend that he did not learn that his sentence was in violation of law untill he read the holding in People v. Whitfield, 217 Ill.2d 177, and talk to his I.D.O.C counselor concerning his MSR term in November of 2005, and was advise by the counselor to filed something in court concerning the additional 3yr term of MSR, in which this petitioner did.

Therefore, since the Legistures, intent is that physical imprisonment, in-cluding imprisonment in custody of the parole authorities shall not exceed a "Determinate, and Specific Sentence" then it is "Evidence" that "Lesser" per-oid of physical incarceration should served. Basically the time spent in phy-sical imprisonment must "Dectease" only by the amount of the MSR that was attached to that particular conviction sentence,

The petitioner's contend that he urges this Honorable Court to issue an order to the Warden of Logan Correctional Center to "Modify" his current re-lease date from 09/19/2011 to 09/19/2008. In other words (12yrs of physical imprisonment with an flat 3yr term of MSR for an total of 15yrs period).

Once the petitioner's release date is modified to 09/19/2008, he will be "Eligible for his (180 days of MGT/SMT which will further reduce his release date to 03/19/2008. I'm suppose to be at home right now. see calculation sheet attached to habeas corpus petition as Ex-A-1 and B-1 sentence mittimus. also see as attached to habeas corpus petition Illinois Supreme Court order as Ex-C-1 dated 03/26/2008.

(C)  Ground three _____
     Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(D)  Ground four _____
     Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

2.   Have all grounds raised in this petition been presented to the highest court having jurisdiction?

     YES ( X )   NO ( )

3.   If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

_____

_____

_____

6

Revised: 7/20/05

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (A)  At preliminary hearing _____

    (B)  At arraignment and plea _____

    (C)  At trial _____

    (D)  At sentencing _____

    (E)  On appeal _____

    (F)  In any post-conviction proceeding _____

    (G)  Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ( X )

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future ___._____

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __04/07/2008__
          (Date)

                           _____
                           Signature of attorney (if any)

                           **I declare under penalty of perjury that the foregoing is true and correct.**

                           (Signature of petitioner)

                               N–51386
                           (I.D. Number)

                             P.O.Box 1000 Lincoln Tl.62656
                           (Address)

Revised: 7/20/05

SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT

NAME _Willes_     NUMBER _N-5-1386_     DATE _1/5/07_

### (STEP 1) (A)

Yr.  Mo.  Day

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| - | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

### STEP 1) (B)

Yr.  Mo.  Day

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| - | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

### (STEP 1) (C)

Yr.  Mo.  Day

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| - | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

### (STEP 1) (D)

Yr.  Mo.  Day

| | | |
|---|---|---|
| - | | (Rel. on Bond, Etc.) |
| | | (Arrest Date) |
| - | | (Jail Credits) |
| + | 1 | (Add 1 Day) |
| | | (Jail Credits) |

### (STEP 2)

Yr.  Mo.  Day

| | | |
|---|---|---|
| - | | (Jail Credits-A) |
| + | | (Jail Credits-B) |
| + | | (Jail Credits-C) |
| + | | (Jail Credits-D) |
| | | (Total Jail Credits) |

### (STEP 3)

Yr.  Mo.  Day        _509 days_

98 - 12 - 18     (Old Custody/ Sentence Date)

- 1 - 4 - 29     (Total Jail Credits)

96 - 9 - 19     (New Custody Date)

### (STEP 4) MITTIMUS NO _____

PROJECTED OUT DATE

Yr.  Mo.  Day

96  9 - 19     (New Custody Date)

+ 15 -     (Sentence Less) (GCC)

2011 - 9 - 19     (Projected Out Date)

+ or -     (Previous Time Lost/Awarded)

(Adj.Proj.Out Date)

### (STEP 5)

MANDATORY OUT DATE

Yr.  Mo.  Day

96  9 - 19     (New Custody Date)

+ 30     (Sentence)

2026 - 9 - 19     (Mandatory OutDate)

---

Adj. Proj. Out Date _9 - 19 - 2011_     Terminal Operator _____
Mandatory Out Date _____     Date Entered _____
Calculated By _____

DC 1321 (Rev 10/96 )
IL 426-00521

_EX-A-1_

IN ~ ) CIRCUIT COURT CF COOK COUNT~ ILLINOIS

_____ DEPARTMENT _____

(County)          (Municipal)                    (Division)

People of the State of Illinois

v.

_Anthony Willis_

Defendant

}

NO. _96 CR 0849_

I. R. # _05 37493_

S. I. D. # _____

### ORDER OF SENTENCE AND COMMITMENT TO ILLINOIS DEPARTMENT OF CORRECTIONS

Offense date 2-27-96

The defendant having been adjudged guilty of committing the offense(s) enumerated below,

IT IS ORDERED that the defendant _Anthony Willis_ be sentenced to the ILLINOIS DEPARTMENT OF CORRECTIONS AS FOLLOWS:

Feb 18, 1998 the Honorable Judge John E Morrissey sentenced the defendant to a term of Thirty (30) years on the charge of Poss. of Controlled Substance W/Int to D judgment entered on Verdict of Guilty credit for time in custody (Class X sentence)

_____

| | | | Statutory Citation | |
|---|---|---|---|---|
| Offense _Poss of Cont Sub W/Int to Deliver_ 720 | ILCS | _570_ / _401-1_ |
| Offense _____ | ILCS | _____ / _____ |
| Offense _____ | ILCS | _____ / _____ |
| Offense _____ | ILCS | _____ / _____ |

RECEIVED
FEB 20 1998
JOLIET CORR. CTR.

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of C

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver h Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and her in the manner provided by law until the above sentence is fulfilled.

PREPARED BY _Dolly Anthony_

DEPUTY CLERK _____

BRANCH COURT _____

DATE _2/18/98_

ENTER: _____  JUDGE

EX-B-1

105809

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

March 26, 2008

Mr. Anthony Willis
Reg. No. N-51386
Logan Correctional Center
P. O. Box 1000
Lincoln, IL 62656

No. 105809 - People State of Illinois, respondent, v. Anthony
            Willis, petitioner.  Leave to appeal, Appellate
            Court, First District.

The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court

on April 30, 2008.

*EX - C - 1*

STATE OF ILLINOIS    )
                     )
COUNTY OF COOK       )

             IN THE CIRCUIT COURT OF COOK COUNTY
             COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE    )
STATE OF ILLINOIS    )
                     )
         vs.         )        No. 96 CR 8494
                     )
                     )
ANTHONY WILLIS       )


        REPORT OF PROCEEDINGS had of the hearing in the

above-entitled cause, before the Honorable JOHN E.

MORRISSEY, Judge of the said Court, on Wednesday,

the 18th day of February, A.D., 1998.

             APPEARANCES:

                     HONORABLE RICHARD DEVINE,
                     State's Attorney of Cook County, by:
                     MR. NICK ARVANITIS and
                     MR. JOSEPH KEATING,
                     Assistant State's Attorneys,
                     on behalf of the People;

                     MR. ANTHONY WILLIS,
                     appeared pro se;

                     MS. RITA FRY,
                     Public Defender of Cook County, by:
                     MR. JAMES BURKE,
                     Assistant Public Defender,
                     as adviser to the defendant.

Ann Hieber, CSR
Official Court Reporters
2650 S. California Avenue
Chicago, Illinois    60608

EX- A

1          THE CLERK:  Anthony Willis.

2          THE COURT:  It's up for sentencing.

3          MR. ARVANITIS:  Yes.  We have the witness coming

4   at 11 o'clock.

5          THE COURT:  Anthony Willis, we'll pass until 11

6   a.m. for sentencing.

7                         (Whereupon, the case was passed and

8                          recalled.)

9          THE COURT:  Recall Anthony Willis then.

10          THE CLERK:  Anthony Willis.

11          THE SHERIFF:  He's not in custody, Judge.

12          THE COURT:  He's in custody.

13          THE SHERIFF:  He's not up here today.

14          THE COURT:  I want him here in a half hour.

15   Someone is going to jail if he's not here in a half

16   hour.  He's in custody.

17          MR. BURKE:  He's here.  I was in the back

18   earlier.

19          THE SHERIFF:  Unless he goes by another name.

20          THE COURT:  Mr. Willis is before the court.  This

21   case was continued from last week.  I was on vacation.

22   Defendant will be sentenced today.

23          Are there post-trial motions?

24          MR. WILLIS:  Yes, sir, your Honor.

1          THE COURT:  You wish to argue post-trial motion,

2     Mr. Willis?

3          MR. WILLIS:  No, sir.

4          THE COURT:  Motion for new trial is denied.  I

5     read the motion.  Judgment was taken on the verdict of

6     guilty.

7          Pre-sentence investigation report is in the court

8     file.  The original one any way.

9          Do the parties have copies of the pre-sentence

10    investigation report?

11         MR. KEATING:  No, Judge.  No.  They weren't

12    distributed on the last court date.

13         THE COURT:  The only copy that is in the file is

14    the original.

15         MR. ARVANITIS:  Judge, if you'd like, we'll pass

16    it and Xerox the original and --

17         MR. KEATING:  I'll be happy to make photocopies.

18         THE COURT:  We'll be glad to.  The copies must

19    have been passed out by Judge Gordon.  We'll pass this

20    matter for sentencing hearing.

21                        (Whereupon, the case was passed and

22                         recalled.)

23         THE CLERK:  Anthony Willis.

24         THE COURT:  Has the pre-sentene report been

1    tendered?

2        MR. KEATING:  Yes.  And I did tender a copy to

3    Mr. Burke to tender to Mr. Willis.

4        MR. BURKE:  I gave it to Mr. Willis I'd say about

5    an hour and a half ago.  He said he couldn't read part

6    of the FBI sheet, Judge, and he'll probably tell you

7    that.

8        THE COURT:  Defendant comes before the court.

9    Pre-sentence investigation report has been filed. I've

10    already taken judgment on the verdict of guilty.

11        Mr. Willis, you may sit down and proceed to a

12    sentencing hearing at this time.

13        Prosecution ready to proceed in aggravation?

14        MR. KEATING:  Yes, Judge, we are.

15        THE COURT:  You may proceed.

16        MR. KEATING:  Thank you.

17        Judge, you heard the jury trial in this matter,

18    your Honor.  You're aware of the --

19        MR. ARVANITIS:  Judge, we have live testimony

20    before we argue the case.

21        MR. KEATING:  Judge, State would be calling

22    Officer O'Grady.

23        THE COURT:  Swear the witness please, Dolly.

24                    (Witness sworn.)

1        THE COURT:  You may proceed.

2                    JAMES O'GRADY,

3    called as a witness on behalf of the People of the State

4    of Illinois, having been first duly sworn, was examined

5    and testified as follows:

6                    DIRECT EXAMINATION

7                    BY:  MR. KEATING

8        Q      Officer, please state your name.

9        A      Officer James O'Grady, O-G-r-a-d-y, star

10   number 12934, assigned to narcotics.

11       Q      Officer, drawing your attention now to the

12   date of June 7, 1996, at approximately 1:40 p.m., were

13   you employed and on duty?

14       A      Yes, I was.

15       Q      And at that time and date, officer, were

16   you at the location of 6916 South Parnell in the city of

17   Chicago?

18       A      Yes.

19       Q      Will you tell the court what brought you to

20   that location at that time and date?

21       A      I was assigned to the narcotics --

22   MR. WILLIS:  Objection, your Honor.

23   THE COURT:  Overruled.

24   MR. KEATING:  You can answer the question.

1          THE WITNESS:  I was assigned to the narcotics

2     section.

3          MR. KEATING:   Q  Keep your voice up please?

4          A     I was assigned to the narcotics section and

5     we went to that location to execute a search warrant.

6          Q     Now, what role did you play in the

7     execution of that search warrant, officer?

8          A     I was part of an entry and search team

9     of -- compiled of a sergeant and eight officers.

10         Q     Okay.  And did you make entry to that

11    location?

12         A     Yes.

13         Q     What -- could you describe what is located

14    at that address?

15         A     It's a single family home with a second

16    floor.

17         Q     Okay.  And when you entered that residence,

18    officer, where did you go to?

19         A     I followed the affiant, Officer Scott

20    Freeman, to the second floor of the residence.

21         Q     And when you arrived at the second floor,

22    what did you observe?

23         A     I observed a male black running from one of

24    the middle bedrooms away from me.

1          Q      Do you see that person in court here today?

2          A      Yes.

3          Q      Will you point --

4          MR. WILLIS:  Objection, your Honor.

5          THE COURT:  Overruled.

6          Why are you objecting?  You have to have legal

7   reasons.

8          MR. WILLIS:  Your Honor, this case by here have

9   nothing to do with the case I been convicted of.

10          THE COURT:  I can't hear you, sir.

11          MR. WILLIS:  This case have nothing to do with

12   the case I've been convicted of.

13          THE COURT:  Yes, it does because it's an

14   aggravation-mitigation hearing.  It's proper for the

15   prosecution to present evidence of your criminality

16   including -- prior criminality including pending cases.

17   Objection is overruled.

18          MR. KEATING:  Q  Officer, would you please point

19   to that person and describe what they're wearing today?

20          A      He's the gentleman seated to my left

21   wearing Cook County fatigues.

22          Q      And, officer, again where did you first

23   observe this defendant?

24          A      I observed him exiting a bedroom on the

1    second floor of that residence.

2         Q      And what happened next, officer?

3         A      Officer Scott Freeman detained the subject

4    for further investigation.

5         Q      And after -- did you happen to enter the

6    bedroom you saw this defendant exit from?

7         A      Yes, I did.

8         Q      And when you entered that bedroom, did you

9    make any observations?

10        A      Yes, I did.

11        Q      What did you observe?

12        A      I observed a sawed-off shotgun laying on

13   the floor.

14        Q      Was that shotgun in plain view?

15        A      The shotgun, yes.

16        Q      Did you observe anything else?

17        A      I observed Officer Freeman recover a

18   quantity of suspect cannabis.

19        Q      Okay.  Now, officer --

20        THE COURT:  Where did he get the cannabis?

21        THE WITNESS:  I believe it was on top of the

22   dresser.

23        MR. KEATING:  Q  And, officer, were you present

24   when a custodial search was done of this defendant?

1      A      Yes, I was.

2      Q      Was it done in the residence?

3      A      Yes.

4      Q      And did you observe anything being

5    recovered from this defendant?

6      A      Yes, I did.

7      Q      And what did you observe recovered from

8    this defendant, officer?

9      A      I observed Officer Freeman recover a

10   plastic bag containing suspect crack cocaine.

11     Q      Now, did you participate in the inventory

12   process of that suspect crack cocaine?

13     A      Yes, I did.

14     Q      And was that, in fact, inventoried?

15     A      Yes, it was.

16     Q      Was it submitted to the Crime Lab for

17   analysis?

18     A      Yes.

19     Q      And are you aware of the results of the

20   analysis?

21     A      Yes.

22     Q      Did, in fact, it test positive for the

23   presence of cocaine?

24     A      Yes, it did.

1    Q    And was that in the amount of 13.4 grams?

2    A    Correct.

3    MR. KEATING:  Judge, if I might have one moment.

4    Judge, I have no further questions.

5    THE COURT:  Mr. Willis, since you are still

6    representing yourself for purposes of sentencing -- by

7    the way, are you asking for the services of an attorney

8    at this time or do you still wish to represent yourself?

9    MR. WILLIS:  I represent myself, your Honor.

10    THE COURT:  You may make inquiry.

11    CROSS-EXAMINATION

12    BY:  MR. WILLIS

13    Q    Officer, was there a search warrant

14    pertaining to that arrest?

15    A    We were there pursuant to a search warrant,

16    yes.

17    Q    Do you know if that search warrant was

18    signed by a judge?

19    MR. KEATING:  Objection.

20    THE COURT:  Sustained.

21    MR. WILLIS:  No further questions.

22    MR. KEATING:  No redirect, your Honor.

23    THE COURT:  Thank you, officer.  You're excused.

24    THE WITNESS:  Thank you.

1                     (Witness excused.)

2         THE COURT:  Further aggravation?

3         MR. KEATING:  Yes, Judge.  Again, Judge, you sat

4 over the trial in this matter, the jury trial in the

5 case that is before you today for sentencing, your

6 Honor.  You heard the facts of that case, Judge.  You

7 also have in front of you the pre-sentence investigation

8 tendered by the Adult Probation Department.  I'm going

9 to ask that the court take that investigation, consider

10 it in its entirety, your Honor.

11         Judge, you're aware of this defendant's criminal

12 background by virtue of the pre-sentence investigation,

13 your Honor.  This defendant, your Honor, was convicted

14 of voluntary manslaughter back in 1985 and was sentenced

15 to 15 years in the Department of Corrections.  He also

16 has a felony conviction, your Honor, for possession of a

17 controlled substance which he was sentenced to 3 years

18 in the Department of Corrections.

19         Judge, the defendant also has a conviction for

20 unlawful restraint back from 1983 which he received a

21 year in the Department of Corrections.

22         Judge, there is nothing, your Honor, before you,

23 whether it be the PSI or otherwise that shows that this

24 defendant has in any way been productive to society.  In

1  fact, Judge, just the opposite is true.  This defendant

2  is nothing more than a leach on society, your Honor.

3       Judge, it's interesting to note that he states in

4  the pre-sentence investigation that he has three

5  children who he supports while he's employed.  However,

6  your Honor, a careful reading of the PSI shows that this

7  defendant had a job for six months in 1993 and there is

8  no where else indicated that he's ever worked, Judge.

9  In fact, he states that basically he was supported by

10  his mother, your Honor.

11       Judge, it's also of interest to note the

12  defendant's version of events.  I'd ask the court to

13  take that into consideration on page 4, Judge.

14       Again, your Honor, this defendant has done

15  nothing productive for society.  He's fed off society.

16  He clearly is out there spreading poison on the streets

17  of our community, your Honor.  Judge, this man is not

18  redeemable.  He does not have a single redeemable

19  quality about him, your Honor.

20       MR. WILLIS:  Objection, your Honor.

21       THE COURT:  Overruled.

22       MR. KEATING:  Judge, for the safety and the

23  welfare of the community, your Honor, I'm asking that

24  you sentence this defendant to the maximum possible

1  period of incarceration.  We're asking for 30 years in

2  the Illinois Department of Corrections on this matter,

3  Judge.

4      This case is a Class X case by the amount of

5  contraband he was found guilty to be possessing, Judge.

6  We believe it's an appropriate sentence and that would

7  be our request.

8      THE COURT:  Thank you, Mr. Keating.

9      Mr. Willis, you may --

10     MR. KEATING:  Judge, I would just ask that I make

11  the certified copies of conviction part of the record.

12  I apologize.

13     THE COURT:  That is fine, Mr. Keating.

14     You may at this time proceed in what is called

15  mitigation.

16     MR. WILLIS:  Your Honor, the defendant's throwing

17  himself on the mercy of the court.  Your Honor, the

18  defendant comes from a poor social environment.  And I

19  wish to continue school.

20     And according to the Constitution, your Honor,

21  the Illinois Constitution, Article One, Section 2, will

22  stipulate that require that all penalties must be

23  determined both by according to the seriousness of the

24  offense and with objection (sic) of restoring the

1    defendant to a useful citizen.

2         I have no further questions, your Honor.

3    THE COURT:  Thank you.

4         You have a right to make a statement to me in

5    addition to what you just said before I sentence you.

6    Have you anything further to say, sir?

7    MR. WILLIS:  No, sir.

8    THE COURT:  Mr. Willis, you were born on June 26,

9    1959, according to the pre-sentence investigation report

10   that I have before me.  You are not yet 30.  And all you

11   have done your entire life -- strike that.  You are not

12   yet 40 years of age.  All you have done in your entire

13   life is live a life of crime.

14        The facts of this case are remarkable in that

15   they demonstrate what little regard you have for others

16   in society.  Including not only police officers but the

17   criminal justice system as well as ordinary citizens on

18   the street.

19        There is evidence that you possessed with intent

20   to deliver in June of '96 while this case was pending

21   cocaine, crack cocaine in the amount of 13 -- over 13

22   grams.  Officers executing the search warrant found you

23   come out of a bedroom.  They found a sawed-off shotgun

24   in that bedroom and found you to be in possession of

1   half an ounce of cocaine.

2       You were convicted of possessing with intent to

3   deliver an ounce of cocaine in this case.  You've been

4   convicted of voluntary manslaughter.  You've been

5   convicted of possession of controlled substance and

6   unlawful restraint.  You are a career incorrigible

7   person, Mr. Willis, and you are absolutely remorseless.

8       The nerve of you to stand up before this court

9   and just perpetuate your lies in the hopes that some

10  jury would acquit you.  You've got to be put away for

11  the safety of society.  Safety of the police who are out

12  there trying to do their job, day in and day out, so at

13  least they won't be exposed to the likes of you for some

14  time.

15      There is nothing here in mitigation.  There is

16  nothing but aggravation in your life.  The sentence of

17  this court is a maximum term of imprisonment of 30 years

18  in the Illinois Department of Corrections.  Maximum

19  Class X time.

20      You have a right to appeal.  In order to do that

21  you must first file within thirty days a written notice

22  of appeal.  If you're without funds and you want to

23  appeal, an appellate attorney can be appointed to

24  represent you and a free transcript of the trial and

1    sentencing hearing will be made available to you.

2        The clerk of the court will also help you

3    assemble any common law record necessary for the appeal

4    of your case.  Any notice must be filed within thirty

5    days.

6        Mr. Keating, 96 17982 still pends before me as a

7    live indictment.

8        MR. KEATING:  Yes, Judge.  At this time the State

9    would have a motion in this matter, your Honor.  We

10   would be moving to nolle pros that matter.

11       THE COURT:  Motion State, nolle pros, on the

12   other indictment, the facts of which I just heard in

13   aggravation has been dismissed, Mr. Willis.

14       30 years Illinois Department of Corrections.

15   Mittimus issues.

16       Take the defendant out of my sight please.

17       MR. BURKE:  Your Honor, if I may, I was the legal

18   adviser.  Mr. Willis, I had informed him if he wanted to

19   challenge the sentence he should file a motion to

20   reconsider.  While you have informed him of his

21   appellate rights today, I talked to him about this last

22   week and earlier today.  And Mr. Willis indicated to me

23   he may be doing a pro se appeal.  I had appellate things

24   prepared for the Public Defender.  He doesn't want that.

1    Just so the record is clear.

2          THE COURT:   That is fine.   Mittimus issues.

3          Good bye, Mr. Willis.

4          MR. WILLIS:   See you, your Honor.

5                    (Which were all the matters had in

6                     this proceeding.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1  STATE OF ILLINOIS )

2                    )

3  COUNTY OF COOK    )

4

5

6           I, ANN HIEBER, Official Court Reporter of

7  the Circuit Court of Cook County, County

8  Department-Criminal Division, do hereby certify that I

9  reported in shorthand the proceedings had in the

10 above-entitled cause, that I thereafter caused to be

11 transcribed into typewriting the above Report of

12 Proceedings, which I hereby certify is a true and

13 correct transcript of the proceedings had before the

14 Honorable JOHN E. MORRISSEY, Judge of the said Court.

15

16

17

18

19      _____

20      Official Court Reporter of the

21      Circuit Court of Cook County

22      CSR #  084-001393

23

24

```
1   STATE OF ILLINOIS    )
                          )   SS:
2   COUNTY OF COOK        )

3            IN THE CIRCUIT COURT OF COOK COUNTY
             COUNTY DEPARTMENT-CRIMINAL DIVISION
4
    THE PEOPLE OF THE     )
5   STATE OF ILLINOIS,    )
                          )
6            Plaintiff,   )
                          )
7        VS               )   No. 96 CR 8494 02
                          )
8   ANTHONY WILLIS,       )
                          )
9            Defendant.   )

10

11

12            BE IT REMEMBERED that the

13   above-entitled cause came on for hearing before

14   the Honorable EVELYN B. CLAY, on the 4th day of

15   May A.D., 2006 at 26th and California.

16

17       APPEARANCES:

18            HON. RICHARD A. DEVINE
                   State's  Attorney of Cook County,by
19       MS. CELESTE STACK
                   Assistant State's Attorney,
20                 appeared for the People;

21       MR. ANTHONY WILLIS
                   appeared pro se.

22

23   Valerie M. Pisani, CSR#084-001474
     Official Court Reporter
24   5600 Old Orchard Road - Room 204
     Skokie, Illinois  60077
```

N-1

$Ex \cdot A$

1      THE CLERK: Anthony Willis, sheet one.

2      UNIDENTIFIED STATE'S ATTORNEY: We are asking

3  to pass it until he gets here from IDOC.  Celeste

4  is handling this.  She should be here 11

5  o'clock.  She is trying to get at the end of your

6  call because it is pro se.

7      THE COURT:  That is fine.

8        (The above-entitled case was passed and

9  recalled.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1          THE CLERK: Anthony Willis, sheet one.

2          MS. STACK: Celeste Stack for the record.

3          THE COURT: Mr. Willis is pro se.

4          MS. STACK: Right.  This is 1401 petition

5     that the defendant filed.  I filed the motion to

6     dismiss in court on the last date.

7               This defendant was convicted of

8     delivery of a controlled substance and received

9     30 years in February of 1998.

10              Therefore, first of all, the petition

11    is untimely.  There is a two year statute of

12    limitations.

13              However, under 1401, one of the claims

14    we want to make is that his sentence is void.

15              The defendant here is claiming that

16    because he got the maximum sentence of 30 years,

17    that his sentence is improper.  Because when you

18    add on the mandatory supervised release, his

19    sentence would be under-- his argument actually,

20    33 years, which would be in violation of the

21    maximum term under the sentencing code.

22              However, this argument, Judge, has been

23    made a number of times before, has been rejected

24    by the Illinois Supreme Court, Illinois Appellate

1    Court and Federal Court.

2                 Specifically, Illinois Supreme Court in

3    Bahome,(phonetic) versus Klincar, 123, Ill. 2d,

4    291, the Supreme Court talked about MSR.  As I

5    have quoted in my motion, said that nothing in

6    the language of the sentencing statute allows the

7    Court to cause the sentence to be reduced to

8    allow for early discharge for parole.

9                 But most importantly, a term of

10   imprisonment is a separate matter from mandatory

11   supervised release which is a matter that the

12   Courts have no control over, a matter that is

13   governed under separate statutes concerning

14   Department of Corrections.

15                The Federal Courts have specifically

16   stated that there is nothing unconstitutional

17   about imposing a mandatory parole term at the end

18   of the maximum term of imprisonment.  That is

19   quoted on the second page from U.S. Ex rel Criss

20   versus Gramley.

21                Also a recent Appellate Court Case

22   noted that mandatory supervised release is not

23   part of the sentence.

24                Therefore, this argument in various

1    forms and has been made before and it's been

2    repeatedly rejected by all the relevant Courts of

3    review.

4           Also, if you take it to its logical

5    conclusion, every sentence would be reduced by

6    the MSR term.  He would never have-- no one would

7    ever be able to get the mandatory sentence--

8    excuse me, the maximum sentence.  And every

9    convicted felon could come in and say his

10   sentence should be reduced by the MSR term.

11          MSR is not part of the sentence, not

12   part of his imprisonment.  The argument should

13   be-- the petition should be dismissed.

14      MR. WILLIS: Your Honor, the case that the

15   State is using, Bahome, deal with indeterminate

16   sentence.  Indeterminate sentence no longer apply

17   in situations as they would indeterminate

18   sentences.

19          Bahome was convicted of a murder,

20   received indeterminate sentence between 35 and 70

21   years.  Bahome was discharged after ten years of

22   his incarceration.  Only three year mandatory

23   supervised release.  He violated his supervisory

24   release.

1          The appropriate remedy when they
2    re-incarcerated him was to do the maximum term of
3    the sentence, because he was up on the statute
4    that was dealing with indeterminate sentence.
5          I understand by him having to do the
6    maximum term of the sentence, his parole would
7    follow.  We upon determinative sentence, not in
8    the course to determine that we are to do 50
9    percent of our time, 85 percent of our time or
10   100 percent of our time.
11         Due to the fact I have 50 percent of my
12   time to do, the recent holding just came out in
13   Illinois Supreme Court,'05, People versus
14   Witfield.  Witfield was convicted.  He pleaded
15   guilty.  His guilty plea was for 25 years.  He
16   was admonished as to the minimum and maximum
17   sentence he was suppose to receive.  When he
18   received this 25 years, he had additional three
19   years MSR attached onto it.
20         The Courts went on to say, MSR was
21   illegal because he wasn't announced of the MSR.
22   But the Court gave the guideline on MSR, had to
23   be interpret on sentence.
24         In People versus Fish, the Court used

1    People versus Fish as an example.  Fish was

2    convicted of two counts of voluntary manslaughter

3    with a vehicle.  They announced him to the

4    minimum three years and the maximum of 14 years.

5        The Illinois Supreme Court says by the

6    Court giving him the maximum 14 years, they

7    couldn't give him the two year mandatory

8    supervised release because it exceeded his 14

9    mandatory-- statutory mandatory time he could

10   receive for the crime.

11       The Courts also, I am going to quote

12   it, People versus Witfield, 840, NE 2D, 658, Ill.

13   205, October 6.

14       In that case-- in his case, the Court

15   said that the defendant in their open play and

16   the trial Court has announced defendant regarding

17   the maximum sentence to which he should be

18   exposed to by his plea.  The failure to announce

19   the defendant concerning MSR is not a

20   constitutional violation.  It is known as a

21   sentence.  Plus the MSR is less than a max

22   sentence the defendant was told he would

23   receive.  His max sentence, according to the

24   crime he committed, was 3 to 14.

1          The Court is clearly saying it is-- it

2    is not a violation unless the sentence plus the

3    MSR is less than the maximum he is suppose to

4    receive.

5          I was sentenced to 30 years.  My MSR is

6    3 years.  It is over the max I am suppose to

7    receive.  By me doing 50 percent of my time, they

8    make me have to do 33 years according to the

9    law.

10          The Courts also gave another

11    illustration, when People versus

12    Cortes,(phonetic).  The Court says, no

13    constitutional error occurred because the

14    sentence of 3 years plus the supervised release

15    was less than the maximum five years.

16          The Courts given an illustration

17    sentence guideline on MSR, how MSR suppose to be

18    opposed to a sentence before they get sentenced

19    as the Court said, and the MSR is plus, is added

20    on to your sentence.

21          As long as it don't over go over the

22    max term of your sentence, there is no

23    constitutional violation.  When the Illinois

24    Supreme Court and People versus Witt uses Fish as

1    an example, case of Fish, People versus Fish,

2    Third District 2000, Illinois Supreme Court use

3    this case as an example.

4           Fish says that the maximum sentence

5    includes elements such as a period of mandatory

6    supervised release, use People versus

7    Tutor,(phonetic) as an example.

8           The Court is trying to show once the

9    sentence is imposed, not all the sentences, just

10   sentences dealing with a max term that the

11   supervisory mandatory release is included within

12   the max term is not forwarded to receive the max

13   term or the crime that you committed.

14          I committed a crime, can receive the

15   30.  The Judge gave me the max.  He gave me 30

16   years.  By me doing determinative sentence, my

17   time was cut down to 15 years.  15 years plus 3

18   of the 18 years, that is over 50 percent of my

19   time I have to do.  According to the Illinois

20   Supreme Court, they said maximum sentence

21   includes a period such as mandatory supervised

22   release.

23          In other words, once you sentence a

24   person to the max, his supervisory mandatory

1    release is part of that sentence.

2        MS. STACK: Mr. Willis didn't cite Witfield,

3    but I am well aware of the case.  Witfield

4    involves plea admonishments and a situation as

5    you are well aware, of a defendant not being

6    admonished about MSR.  And that obviously is not

7    applicable here.

8            I'd just like to point out looking

9    through the record here, that Mr. Willis, this is

10   his fifth pleading that he's filed since his

11   direct appeal.  That this petition is frivolous.

12   We'd ask that it be dismissed.

13       THE COURT: Your motion for reduced sentence,

14   sir, you misapprehend the cases that you cite.

15       MR. WILLIS: Well--

16       THE COURT: You are done.  You are done.

17           I know what your motion states.  You

18   are claiming that the parole period extends your

19   sentence, impermissibly illegally extends your

20   sentence.

21           That is not the case, Mr. Willis.  The

22   Court, Appellate Court, reviewing Courts have

23   draft this issue many, many times.  The period of

24   incarceration on a sentence is distinct from the

1    period of parole.

2         You attempting to lawful in with the

3    sentence.  That is not the intent of the Court

4    when you were sentenced.  Your parole period be a

5    part of the sentence that was being handed out.

6         There is two separate features of a

7    sentence.  The sentence itself, and then there is

8    the parole period that follows any given amount

9    of time that one is incarcerated.

10        As I stated and as the State's Attorney

11   sets forth in her motion to dismiss, this issue

12   has been-- that you bring up, that you are

13   standing on, has been dealt with many, many times

14   before.  The results are, as the State's Attorney

15   has stated, it has no merit.  These types of

16   motions are not based on the law, on case law and

17   not only on the sentencing statute.

18        And for all of these reasons, sir, your

19   motion is denied.

20        MR. WILLIS: I have another matter here.  I

21   have filed a motion writ of mandamus.  I don't

22   know if the Court received it.  I'd like to

23   present the motion while I am here.

24        THE COURT: Corrected mit?

1        MR. WILLIS: Right.  Plus you have me down

2    for reduce of sentence.

3        MS. STACK: Because he has filed so many

4    things, that obviously--

5        THE COURT: Let me be clear.  The last ruling

6    was on 1401 petition, post judgment petition,

7    that is what was denied.

8            Court is in receipt of the motion for

9    mandamus.

10           State's Attorney, are you ready?

11       MS. STACK: No. I have not received a copy of

12   that.  I see, looking at the half sheet, there

13   was one filed on February 22, petition for

14   mandamus.  I haven't prepared a response.

15           Thank you, Mr. Willis.  Mr. Willis just

16   handed me a copy.  Is this a copy I can keep?

17       MR. WILLIS: Yes.

18       THE COURT:  It was filed some time ago.

19           State, are you prepared today?

20           Mr. Willis, are you prepared today?

21       MR. WILLIS: No, ma'am.  I'd like to amend

22   it.

23       THE COURT:  You would like to file amended

24   motion for mandamus?

1          MR. WILLIS: Yes.

2          THE COURT: Very well, we will get a date on

3     that.

4          MR. WILLIS: There is a matter, I had filed

5     for rehearing, reclassify that motion reduce the

6     sentence.  That motion is--.

7          MS. STACK:-- October 14, '05.

8          THE COURT:  Motion to reduce sentence was

9     denied by this Court. .

10         MR. WILLIS: It wasn't denied.  I filed a

11    motion for rehandling, you reclassified as a

12    motion for reduce the sentence in October.

13         MS. STACK: The half sheet shows motion to

14    reduce sentence.  That is all it says, October

15    14, '05.

16              The next entry is November 30 of '05,

17    saying special order, motion for supervisory

18    orders, hearing date aside.  It is continued to

19    December 6 with just a notation that the

20    defendant was in IDOC custody on December 6.

21              Also says, special order, motion for

22    supervisory order stricken, wrong forum.  Then

23    like a week later, December 14, 1401 is filed.

24              So it looks as if the motion to reduce

1   sentence might have been also a motion for

2   supervisory order.  I don't know if there is two

3   separate--.

4       MR. WILLIS: Two separate motions.  Motion to

5   reduce sentence have not been heard yet.  Still

6   pending.

7           There was a motion for

8   reconsideration.  You reclassified the motion to

9   reduce sentence. It is still lingering in the

10   courts.

11       THE COURT: That was denied October 14.  I

12   will get the transcript.  That is what the half

13   sheet says, motion to reconsider the sentence.

14       MR. WILLIS: No. It was dealing with my-- my

15   county time.

16       THE COURT: Corrected mit.  What you were

17   seeking, corrected mit?

18       MR. WILLIS: Right.

19       THE COURT: You attached the original mit to

20   the motion and the motion to reconsider was

21   denied October 14, sir.

22       MR. WILLIS: Right.

23       THE COURT: It has been handled.  I will get

24   the transcript.

1          What we have left here now, you are

2     going to amend your motion for mandamus, is that

3     correct?

4          MR. WILLIS: Right.

5          THE COURT: Next date on that June, mid June,

6     Mr. Willis, June 14.

7          MR. WILLIS: I have to be remanded back to

8     the institution, prepare the motion to amend. .

9          MS. STACK: If he can just file it via mail,

10    then I can respond via mail.  I will writ him

11    back after.

12         THE COURT:  All right.  That may be too soon

13    to amend for argument, next time you are brought

14    in on your motion for mandamus.

15         MS. STACK: July 11.

16         THE COURT: July 11, that is the next date,

17    sir.

18         MR. WILLIS: Your Honor, could you send me a

19    copy of the transcript of the motion, the order,

20    denying the reducing sentence?

21         THE COURT:  I will have that hopefully to

22    tender on July 11, next date for argument for

23    motion for mandate.

24          Send in your amendment on your motion

N-16

1   no later than June 11, at least 30 days in

2   advance of the argument.

3              Do you understand?

4        MR. WILLIS: Yes.  I to be writ back to

5   IDOC?

6        THE COURT: Yes.

7

8              (Whereupon, further proceedings in

9                   the above-entitled matter were

10                  continued to the 11th day of

11                       July A.D., 2006.)

12

13

14

15

16

17

18

19

20

21

22

23

24

1   STATE OF ILLINOIS     )

2                         )  SS:

3   COUNTY OF COOK        )            .

4           I, VALERIE M. PISANI, Official Court

5   Reporter of the Circuit Court of Cook County, do

6   hereby certify that I reported in shorthand the

7   proceedings had on the hearing in the

8   above-entitled cause, that I thereafter

9   transcribed  into typewriting the above Report of

10  Proceedings, which I hereby certify is a true and

11  correct transcript of the proceedings had before

12  the Honorable EVELYN B. CLAY, Judge of said

13  court.

14

15

16          _____
                CSR #084-001474
17              Official Court Reporter
                of the
18              Circuit Court of Cook
                    County,
19              Municipal Division.
    11-21-06.
20

21

22

23

24


                        N-18